**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LAWRENCE ALEXANDER BEASLEY, #396740,

        Petitioner,

v.                                                    Case No. 10-cv-11911
                                                    Honorable Arthur J. Tarnow

NICK LUDWICK,

        Respondent.
_____/

**OPINION AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This is a habeas case filed under 28 U.S.C. § 2254.  Petitioner Lawrence Alexander Beasley is a state inmate currently confined at the Michigan Reformatory in Ionia, Michigan.[1] He filed this habeas petition, through counsel, challenging his plea-based convictions for two counts of armed robbery, MICH. COMP. LAWS § 750.529, one count of assault with intent to rob, MICH. COMP. LAWS § 750.89, and one count of larceny from a motor vehicle, MICH. COMP. LAWS § 750.356(a)(1).  Petitioner pleaded guilty on February 12, 2007, in the St. Clair County Circuit Court.  On March 5, 2007, he was sentenced to three concurrent terms of fifteen to thirty years in prison for the armed-robbery and assault convictions, and 133 days in jail, credit for

---

[1]Petitioner was incarcerated at the St. Louis Correctional Facility when he originally filed his petition for writ of habeas corpus; however, he has since been transferred to the Michigan Reformatory.  The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated.  Rule 2(a) of the Rule Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D. Mich. 2006).  In most cases where a petitioner is transferred to a different facility after the petition has been filed, the Court would order an amendment of the case caption.  However, because the Court is denying the petition in this case, it finds no reason to do so.

time served, for the larceny conviction. In exchange for his guilty pleas, the prosecutor dismissed two counts of felony firearm and a habitual offender, second offense, enhancement.

In his habeas petition, Petitioner alleges the following two claims: (1) the appellate courts erred in upholding his sentence because he was sentenced on inaccurate information, and (2) Michigan's sentencing scheme violates the Sixth Amendment.

For the reasons stated, the Court denies the petition. The Court also declines to issue Petitioner a certificate of appealability.

## I. BACKGROUND

This case arises out of events that occurred in Port Huron, Michigan, in October 2006. Testimony from the preliminary-examination hearing and from Petitioner's guilty-plea hearing revealed the following.

On October 21, 2006, Petitioner, along with co-defendant Fernando Clark, attempted to enter a bar in Port Huron. They were denied entry because Clark did not have the proper identification. As they were leaving, Clark approached a group of individuals standing in the parking lot and started talking to them. He then pulled out a gun and instructed the individuals to give him their money, cell phones, and jewelry. The victims complied. Petitioner helped Clark collect the items. Clark fired three shots in the air as he and Petitioner left the area.

Two days later, on October 23, 2006, Petitioner and Clark were walking the streets, trying to find Tenth Street in Port Huron, when Clark approached three young men, who had just gotten out of their vehicle, and asked them for directions. Clark pulled out a gun and told the three men to sit on the ground and empty their pockets. While they were sitting on the ground, Clark hit two of the men with his gun. Petitioner went through their pockets.

Clark then instructed the three men to walk toward the boardwalk next to the river. Petitioner remained at the vehicle. The three men walked down to the boardwalk, with Clark following them. Once on the boardwalk, Clark told them to undress. He then threw their clothes into the river.

While Clark was down by the river, Petitioner was rummaging through the vehicle. Aubrey Aviles, one of the victims, testified that once he got down to the boardwalk, as Clark was throwing his clothes into the river, he looked back toward the truck and saw Petitioner looking around and "keeping an eye out."

Clark took their cell phones, watches, keys, and money.

At the time of his arrest, Petitioner had property from both robberies.

The police searched the house where Petitioner and Clark had been staying. They found a sawed-off shotgun and a small caliber revolver. Petitioner admitted that the revolver was the one used in the robberies. Preliminary Examination Hr'g Tr. Nov. 7, 2006; Plea Hr'g Tr. Feb. 12, 2007.

Petitioner admitted to the above-stated facts. At the time of the offenses, Petitioner was on probation for attempting to carry a concealed weapon charge.

Prior to his sentencing, a Presentence Investigation Report (PSI) was prepared by the St. Clair County Probation Department. Petitioner's Prior Record Variables (PRV) was scored at forty-five points, placing him in a Level D. Petitioner's Offense Variables (OVs) for the armed-robbery convictions were scored as follows: OV1, fifteen points; OV2, five points; OV4, ten points; OV9 twenty-five points; OV13 twenty-five points, for a total score of eighty points, placing him in a Level V, with a minimum guidelines range of 135 to 225 months.

3

For the assault conviction, stemming from the second robbery, Petitioner's OVs were scored as follows: OV1, fifteen points; OV2, five points; OV3, five points; OV4, ten points; OV7, fifty points; OV9, ten points; and OV13, twenty-five points, for a total score of 120 points, placing him in a Level VI with a minimum sentencing guidelines range of 171 to 285 months.

At the sentencing hearing, Petitioner's attorney stated that he had shared a copy of the PSI with Petitioner and had reviewed it as well. Petitioner said he had no additions, deletions, or corrections to the report. He apologized to the victims and the trial court, stating that his grandfather and mother, who worked for the Department of Corrections, did not raise him to engage in criminal activity.

No objections were made to the scoring of Petitioner's sentencing guidelines range and the trial judge sentenced him as stated.

Following, Petitioner filed a motion to correct the PSI and for a resentencing hearing, arguing that his sentencing guidelines were incorrectly scored. Petitioner contested the scoring of OV 7 at fifty points for the incident which occurred on October 23, 2006, the date of the second robbery; fifty points were scored for aggravated physical abuse. Petitioner also objected to the scoring of OV 13 on all of the felony convictions. Additionally, he objected to the erroneous statement that he had prior gang involvement.

On September 17, 2007, the trial court conducted oral arguments on the issues raised as to the incorrect scoring of Petitioner's sentencing guidelines. At that hearing, the trial court stated:

> THE COURT: The information about the gang activity would have appeared to be based upon the Defendant's own statements to his probation officer that were included in the PSI.

4

> The allegation that he did not recall the conviction in Livonia for the retail fraud charge, prompted the Court to have verified -- the probation department was able to verify that via direct contact with that court.
>
> With regard to the scoring on OV13, I certainly understand the arguments that have been advanced. Thea argument presented by the prosecution is equally valid, that the legislature was opposed to or I should say the legislature was as concerned about crimes as it was a pattern or patterns of criminal activity over an extended period of time. The last matter is a little more troubling. But in the absence of any clear law that states this was improperly scored, I'm going to let it stand and the appellate court can obviously take a look at it and if they think that's not a proper matter for scoring, so be it. We will make that necessary adjustment to the sentence. I'll defer to them on that issue first.

Motion Hr'g Tr. 11, Sept. 17, 2007. The trial court rejected Petitioner's motion and upheld the sentences in an order dated September 25, 2007. *People v. Beasley*, No 06-002884-FC (St. Clair County Circuit Court, Sept. 25, 2007).

Petitioner filed a delayed application for leave to appeal the trial court's decision with the Michigan Court of Appeals, raising the same claims raised in this habeas petition. The Court of Appeals denied the delayed application. *People v. Beasley*, No. 283970 (Mich.Ct.App. Apr. 30, 2008). His motion for reconsideration was denied on June 11, 2008. *People v. Beasley*, No. 283970 (Mich.Ct.App. June 11, 2008).

Petitioner then filed an application for leave to appeal the Court of Appeals's decision with the Michigan Supreme Court, again raising the same claims. On November 24, 2009, the Supreme Court denied the application. *People v. Beasley*, 482 Mich. 1066, 760 N.W.2d 461 (2008). His motion for reconsideration was denied on February 24, 2009. *People v. Beasley*, 483 Mich. 897, 760 N.W.2d 492 (2009).

5

Petitioner neither filed a post-conviction motion with the state trial court nor a writ of certiorari with the United States Supreme Court. Rather, on May 12, 2010, he filed the pending habeas petition.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal-habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

6

Recently, in *Harrington v. Richter*, --- U.S. ----, 131 S.Ct. 770 (2011), the Untied States Supreme Court stated: "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, --- U.S. at ----, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The Court further stated:

> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington*, at 786-87 (internal citation omitted).

A federal habeas court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

### III. DISCUSSION

#### A. Sentences Not Based on Inaccurate Information

Related to his guidelines-scoring claims, Petitioner argues that he was sentenced based on inaccurate information, invoking the rule established in *Townsend v. Burke*, 334 U.S. 736 (1948), and *United States v. Tucker*, 404 U.S. 443 (1972). He alleges that he was held "accountable for conduct he did not commit," and that the trial court failed to resolve his claim that he was not involved in a gang activity. Thus, it is his position that OVs 7 and 13 were improperly scored.

Claims regarding the improper scoring of sentencing guidelines are state-law claims and not cognizable in habeas-corpus proceedings. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000); *see also Cook v. Stegall*, 56 F.Supp.2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law and, therefore, are not cognizable). However, a criminal defendant possesses a constitutional right not to be sentenced on the basis of "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *Tucker*, 404 U.S. at 447.); *see also Townsend*, 334 U.S. at 740-41 (stating that reliance on "extensively and materially false" information, which the prisoner had no opportunity to correct, violates due process of law); *Koras v. Robinson*, 123 F.App'x 207, 213 (6th Cir. 2005) (same). A *Tucker* violation arises only where the improper information "actually served as the basis for the sentence." *United States v. Jones*, 40 F.App'x 15, 17 (6th Cir. 2002) (citations omitted); *Tucker*, 404 U.S. at 444, 447.

Thus, to be entitled to habeas relief on this claim Petitioner "must show that the sentencing court actually relied on this information and that it was materially false." *Hanks v. Jackson*, 123 F.Supp.2d 1061, 1074 (E.D. Mich. 2000); *see also Collins v. Buchkoe*, 493 F.2d 343, 345-46 (6th Cir. 1974) (same); *Welch v. Burke*, 49 F.Supp.2d 992, 1007 (E.D. Mich. 1999) (same). When a petitioner fails to demonstrate in his or her petition that the sentencing court relied upon materially false information in imposing the sentence, the claim is without merit. *Thomas v. Foltz*, 654 F.Supp. 105, 108 (E.D. Mich. 1987).

### 1. Petitioner properly sentenced as an aider and abettor

As argued by the Respondent, Petitioner was accountable as an aider and abettor for the crimes which occurred. This Court agrees.

Regarding aiding and abetting in Michigan, section 767.39 of the Michigan Compiled Laws provides:

> Every person concerned in the commission of an offense, whether he directly commits the at constituting the offense or procures, counsel, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense.

MICH. COMP. LAWS § 767.39.

At the preliminary-examination hearing, the detective testified that Petitioner told him that he was with co-defendant Clark during the armed robberies that occurred outside the bar. During his guilty-plea hearing, Petitioner admitted that he and Clark walked up to the group of three men. He said he remained behind to remove property from the truck, including a cell phone. When he was arrested, he had the cell phone.

Petitioner also admitted in his own sentencing statement that he saw Clark pistol whipping and ordering the men to strip. At his guilty-plea hearing, he admitted that Clark struck one of the men in his presence before they went down the hill. He admitted to acting as a look-out.

The Court concludes that Petitioner was properly sentenced as an aider and abettor. Petitioner aided and abetted Clark and, under Michigan law, is punishable as though he directly committed those offenses. Petitioner is accountable for the conduct he committed. Moreover, in *Lockett v. Ohio*, 438 U.S. 586, 602 (1978) (citations omitted), the United Supreme Court stated:

> We begin by recognizing that the concept of individualized sentencing in criminal cases generally, although not constitutionally required, has long been accepted in this country. Consistent with that concept, sentencing judges traditionally have taken a wide range of factors into account. That States have authority to make aiders and abettors equally responsible, as a matter of law, with principles, or to enact [] statues is beyond constitutional challenge.

Against that backdrop, the Court concludes that Petitioner is not entitled to habeas relief regarding this claim.

### 2.  Gang-membership issue was resolved

Petitioner also claims that the state trial court failed to resolve the gang-membership issue. Respondent argues that the trial court resolved the issue, just not in Petitioner's favor. The Court agrees with Respondent on this issue as well.

The following statements are in Petitioner's PSI:

> Although he denied current gang involvement, he made past claim of being a member of a gang.
>
> * * *
>
> It was suggested to the three victims that one of the suspect[s] was from the California Crip [sic] gang and obscenities were spoken to the three victims.

Presentence Investigation Report, 1, 3, Feb. 28, 2007. Petitioner himself also reported being a member of the Crips's gang in Detroit from 1994 to 2000. *Id.* at 12.

After having had two days to review his PSI, Petitioner affirmed its accuracy. The PSI reflected Petitioner's denial of current gang involvement. The Court finds that the trial court properly rejected Petitioner's unsubstantiated challenge to the report, stating: "The information about the gang activity would have appeared to be based upon the Defendant's own statements to his probation officer that were included in the PSI." Motion Hr'g Tr. 11, Sept. 17, 2007.

As such, the Court concludes that there is not a constitutional issue here. Petitioner was represented by counsel and had an opportunity to object to the PSI. With the information presented, the Court finds that he has failed to demonstrate that the trial court actually relied on inaccurate information or, more importantly, that the gang-activity issue was actually false.

Therefore, the Court concludes that the trial court did not rely on the allegedly inaccurate gang information when it imposed Petitioner's sentences. Petitioner is not entitled to habeas relief on this claim.

### B.  Petitioner's *Blakely v. Washington* Claim Fails

In his next claim, Petitioner argues that the trial court used factors that had not been proven beyond a reasonable doubt nor admitted to by him, in the calculation of his sentencing guidelines. However, the Court finds that Petitioner admitted to the conduct at issue when he pleaded guilty to aiding and abetting the two armed robberies and an assault with intent to rob while armed.

In support of his claim, Petitioner relies on the case of *Blakely v. Washington*, 542 U.S. 296 (2004), in which the United States Supreme Court held that, other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.  *Id.* at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)); *see also United States v. Booker,* 543 U.S. 220, 232 (2005) (same).

The *Blakely* line of cases does not apply to Michigan's intermediate sentencing scheme. The Sixth Circuit has held that Michigan's sentencing guidelines do not violate the Sixth Amendment because they set a minimum sentence range while the maximum is set by statute. *Montes v. Trombley*, 599 F.3d 490, 494-98 (6th Cir. 2010); *Chontos v. Berghuis*, 585 F.3d 1000 (6th Cir. 2009).

Petitioner had a reasonable opportunity at his sentencing to challenge and discuss the content of the sentencing report. Petitioner gave no specific inaccuracies or relevant scoring

11

errors as to the information contained in the sentencing report. The trial court thoroughly reviewed the contents of the report. Thus, the trial court utilized an accurate and complete sentencing recommendation to impose the sentence. *Blakely* only applies when a court sentences above the statutory maximum penalty. *Blakely*, 542 U.S. at 301. Here, Petitioner was sentenced within the guidelines.

Accordingly, the Court finds that Petitioner's sentences are within the statutory maximums. Petitioner could have been sentenced to life in prison for his convictions. He was not. Therefore, no *Blakely* violation occurred and he is not entitled to habeas relief.

### C. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."
A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The Court finds that jurists of reason could not find its resolution of Petitioner's sentencing claims to be debatable or wrong. Accordingly, the Court declines to issue Petitioner a COA.

## IV.  CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Beasley is not entitled to habeas relief on the claims presented in his petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.  (Dkt. # 1.)

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner Beasley a COA.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated:   March 31, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 31, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary